Case 19-24089-GLT    Doc 71    Filed 04/08/21    Entered 04/08/21 10:48:55    Desc Main
Document    Page 1 of 1
FILED
4/8/21 9:28 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| In re: | : | Case No.: | 19-24089-GLT |
|---|---|---|---|
|  | : | Chapter: | 13 |
| Dante Condeluci | : |  |  |
| Heather Condeluci | : |  |  |
|  | : | Date: | 4/7/2021 |
| *Debtor(s).* | : | Time: | 01:00 |

## PROCEEDING MEMO

**MATTER:**  #58 - Motion to Approve Financing
[Response due 3/22/2021]
#63 - Revised Proposed Order
#65 - Response filed by Trustee

**APPEARANCES**:
Debtor: Glenn R. Bartifay
Trustee: Owen Katz
Creditor:

**NOTES:**

Bartifay: Husband is employed by social services, and had his income cut by COVID. Wife was employed in the hotel industry and lost her job. She obtained a new job in January, and their income is now equivalent to the pre-filing level. The plan arrears are now $16,000. In order to cure the plan default, we filed a motion for loss mitigation. We're optimistic that will be successful. We also filed an amended plan where wife abandoned her leased vehicle. The new plan should be feasible with the anticipated modification. Debtor-wife has been renting cars as needed for her employment, costing over $1,000/month.

Court: Why is there no wage order in this case?

Bartifay: Debtor wife just started with a new company and she is the high-earner. They have TFS set up. They are paying the amount in their proposed plan.

Court: The new plan proposes payments of $2,375/month, but the recent plan payments have been far less than that.

Bartifay: I'll correct that. I'm not sure why that is. It may be confusion with TFS. I'll ensure that it is rectified.

Katz: The trustee recognizes the Debtors must have a vehicle for employment. The concern is where there is a growing material arrears, without any indication that Debtors recognize that there's an arrears, and the lack of a gameplan going forward on how this will be feasible. At the time, there was no amended plan, no explanation for the reason for the missed payments, and no explanation that wages had returned to pre-COVID levels.

Court: The amended plan is set for conciliation on April 15. Have plan calculations been completed yet?

Katz: No.

Court: I'll want to review the plan calculations and results of the conciliation prior to making a determination on this motion.

OUTCOME:

1. On or before April 21, 2021, Debtors shall make arrangements to consistently remit plan payments of no less than $2,375/month (or such higher amount as is necessary to satisfy plan obligations) by either (a) filing a motion for a wage attachment; or (b) arranging for transfers to the trustee through the TFS system. [Text Order to issue].

2. The *Motion to Approve Financing* [Dkt. No. 58] is taken UNDER ADVISEMENT.

Amended Schedule I & J.

**DATED:** 4/7/2021